IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUZANNE DE JOIE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 20-862 |
| | § | |
| FREE RANGE RIM, LLC d/b/a THE RUSTIC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Suzanne De Joie was formerly employed by Free Range Rim, LLC d/b/a The Rustic. Plaintiff brings this action under the Family and Medical Leave Act (FMLA). Plaintiff was terminated after she requested an FMLA-qualifying medical leave of absence to undergo breast cancer surgery. As a result of Defendant's illegal conduct, Plaintiff has suffered damages for which she now sues.

**Parties**

1. Plaintiff Suzanne De Joie is a natural person residing at 2430 NW Military Hwy, Apt. 2013, San Antonio, Texas 78231. She may be served with papers in this case through the undersigned counsel.

2. Defendant Free Range Rim, LLC d/b/a The Rustic is a limited liability company organized under the laws of the State of Texas. Its principal place of business is located at 2929 Carlisle St., Suite 200, Dallas, Texas 75204. It may be served with process through its registered agent, Joshua A. Sepkowitz at 2929 Carlisle St. Ste. 200, Dallas, Texas 75204.

1

## Jurisdiction

3. This court possesses subject matter jurisdiction over this case because Plaintiff's claim is brought under the federal statute, Family Medical Leave Act. The Court possesses personal jurisdiction over Defendant because Defendant conducts business in Texas and maintains offices in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred within the geographic confines of the San Antonio Division.

## Factual Background

4. Defendant is an entertainment venue located in San Antonio, Texas. It operates a restaurant, bar, and live entertainment venue. Defendant is part of a larger organization that operates several similar facilities across Texas. Plaintiff was employed with Defendant as a Bartender since the business opened in 2017.

5. On or around March 2, 2020, Plaintiff went to an oncology appointment and was advised that she might have breast cancer and that a biopsy was necessary. Plaintiff was shaken by the news, and she called into work to advise that she would not be able to make it to work. She informed the bar manager, Desiree, that she may have cancer and was scheduled for surgery on March 20.

6. Around March 5, Plaintiff informed her manager, Kevin, that she may have cancer. He told me to let him know if I needed anything. On or around March 13, Plaintiff reminded Kevin that she may have cancer.

7. On March 15, Defendant closed temporarily due to the Covid19 Pandemic.

8. On March 20, Plaintiff underwent a partial Lumpectomy performed at the Northeast Baptist Hospital. She was given a lifting restriction of no more than 10 pounds for two and a half weeks.

9. On April 1, Plaintiff was officially diagnosed with Stage 3 Breast Cancer. She immediately texted Desiree to let her know the results and informed Kevin in person the same day.

10. On or around April 29, Defendant's employees, including Plaintiff, were informed that the restaurant would be reopening. Plaintiff went in to do an orientation regarding the reopening and safety protocols. That day Plaintiff informed Desiree that she would still be having appointments due to her cancer. Plaintiff also explained that she had lifting restrictions, which would make certain shifts difficult without a partner. Desiree stated that was fine. After Plaintiff informed Desiree, Plaintiff went to Kevin's office to inform him that she had been cleared to work with lifting restrictions. Kevin told Plaintiff that this was fine and to keep open communication. Kevin also stated that they would work around Plaintiff's medical appointments.

11. On May 1, Defendant opened for business with the employees working part time.

12. At a doctor's appointment with her medical oncologist on or about May 5, Plaintiff was advised that she would have to undergo a lymph node dissection surgery.

13. On May 8, Plaintiff emailed corporate HR in Dallas to advise about her medical condition and her need for time off in the future for her medical condition, and to seek assurances that she would not be retaliated against for taking time off. Plaintiff was concerned about retaliation because she had learned from a former co-worker that the co-worker had retaliated against for missing work due to a serious health condition. Plaintiff received no response.

14. On or around May 12, Plaintiff went to a scheduled doctor appointment for mammograms and ultrasounds. The doctor found an enlarged lymph node and advised Plaintiff to have a biopsy done that same day. Plaintiff was scheduled to go into work that afternoon but the doctor said she should stay home and rest. Plaintiff called Kevin who stated that it was fine and that a doctor's note was not needed.

3

15. On May 13, Plaintiff reported for work and advised Desiree and Kevin that she would have to undergo a second surgery at an undetermined date in the future, as Plaintiff was waiting to have an appointment with the surgical oncologist.

16. On or around May 20, Plaintiff had an appointment with the surgical oncologist at University Hospital. Plaintiff was informed that she would be having surgery on June 2 to remove the cancerous lymph nodes and would need around two weeks to recover. Plaintiff immediately attempted to request the days off via Hot Schedules, but it was too late to request that timeframe. So she texted the bar manager Desiree to inform her of the surgery date and recovery time. The following day, Plaintiff finally received a response from Desiree who replied, "Sounds good."

17. On May 24, Plaintiff went into work and was called into the office by Desiree and Kevin. Kevin stated that they have to cut ties with me and they thanked me for everything that I have done. Plaintiff was given no reason for her termination.

### Cause of Action: Violations of FMLA (interference and retaliation)

18. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 17 supra.

19. Plaintiff pleads that Defendant has violated her rights under the Family and Medical Leave Act.

20. Defendant is an employer within the meaning of the FMLA in that it employs more than 50 employees in each work day of at least twenty weeks in both 2019 and 2020. Plaintiff was an eligible employee under the FMLA in that, at the time she requested FMLA as described above. She had been employed for more than a year; she had worked in excess of 1250 hours during the year preceding the commencement of her FMLA leave; and Defendant employed more than 50 employees within a 75-mile radius of the location where Plaintiff worked.

21. Plaintiff suffered, and continues to suffer, from a serious health condition. Plaintiff apprised local management as well as corporate HR of her medical condition. Plaintiff requested time off for medical appointments, surgery, and convalescence. The requested time off was FMLA qualifying. Plaintiff was never apprised of her FMLA rights by management or corporate HR.

22. Plaintiff contends that Defendant unlawfully interfered with her right to FMLA leave by terminating her employment for no valid reason prior to Plaintiff taking her FMLA-qualifying leave for surgery and convalescence.

23. Pleading in addition, or in the alternative, Plaintiff contends that Defendant discharged Plaintiff in retaliation for requesting FMLA-qualifying leave.

24. As a result of her wrongful and illegal termination from employment, Plaintiff has suffered lost wages and benefits, and she will likely continue suffering these loses in the future. Plaintiff now sues for these damages. Additionally, Plaintiff is entitled to an award of liquidated damages because Defendant cannot establish that its actions towards Plaintiff were taken in good faith and that it had objectively reasonable grounds for believing that its actions toward Plaintiff, including the discharge of Plaintiff, did not violate the FMLA.

25. Lastly, because Plaintiff has been forced to retain legal counsel to vindicate her legal rights, Plaintiff is entitled to an award of attorney fees.

**Jury Demand**

26. Plaintiff demands a trial by jury.

**Conclusion and Prayer**

27. Plaintiff prays that upon final judgment she be awarded the following:

a. Lost wages and benefits in the past and in the future;

b. Liquidated damages;

c. Attorney fees;

d. Costs of court;

e. Pre- and post-judgment interest; and

f. All other relief to which Plaintiff is entitled

        Respectfully submitted,

        /s/ Michael V. Galo, Jr.
        Michael V. Galo, Jr.
        State Bar No. 00790734
        Federal Bar No. 19048
        GALO LAW FIRM, P.C.
        4230 Gardendale, Bldg 401
        San Antonio, Texas 78229
        Telephone: 210.616.9800
        Facsimile: 210.616.9898
        Email: mgalo@galolaw.com
        ATTORNEY FOR PLAINTIFF
        SUZANNE DE JOIE